**SO ORDERED.**

**SIGNED this 26 day of February, 2007.**



_____
A. Thomas Small
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| DAVID WINSTON BYRD JR. | 04-09427-8-JRL |
|     DEBTOR | |
| JAMES B. ANGELL, Chapter 7 Trustee for David Winston Byrd Jr., | ADVERSARY PROCEEDING NO. L-05-00314-8-AP |
|     PLAINTIFF | |
| v. | |
| DAVID WINSTON BYRD JR., | |
|     DEFENDANT. | |

### MEMORANDUM OPINION

The trial of this adversary proceeding brought by James B. Angell, chapter 7 trustee in the case of David Winston Byrd Jr., to deny the debtor's discharge pursuant to 11 U.S.C. § 727(a), was held in Wilmington, North Carolina on February 20, 2007.

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§

151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(J), which this court may hear and determine.

Mr. Byrd filed a petition for relief under chapter 11 of the Bankruptcy Code on December 16, 2004. On May 19, 2005, an order was entered by this court converting the chapter 11 case to chapter 7, and James B. Angell was appointed trustee. On January 8, 2007, the court entered an order allowing Mr. Byrd's attorney to withdraw as counsel. At the time of this trial, Mr. Byrd had not retained substitute counsel.

The trustee requests that Mr. Byrd's discharge be denied for failure to provide sufficient financial documents and information. At Mr. Byrd's 341 examination the trustee requested that Mr. Byrd provide the trustee with certain documents and records, including the following:

    a.    The books and records, including financial statements, ledgers, bank statements, check registers, and cancelled checks, for any business with which the debtor was involved during the three years prior to the filing of the bankruptcy petition;

2

    b.    The debtor's personal financial information, including all bank statements and financial statements;

    c.    All contracts and appraisals for all real property in which the debtor held an interest during the three years prior to the filing of the bankruptcy petition; and

    d.    Federal and state tax returns of the debtor for the three years prior to the filing of the bankruptcy petition.

Mr. Byrd admitted in his answer that he was asked to provide the above documents to the trustee, and that he did not provide the requested documents or information to the trustee. Mr. Byrd did not appear at the trial to explain his failure to provide the requested documents.

Section 727(a) sets forth the exceptions to discharge applicable to a chapter 7 case. Section 727(a)(3) disallows the granting of a discharge where

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case[.]

11 U.S.C. § 727(a)(3). Section 727(a)(3) requires a debtor to keep records in order to provide the trustee and "creditors

3

sufficient information from which they can assess the debtor's estate and general financial posture." In re Farouki, 133 B.R. 769, 781 (Bankr. E.D. Va. 1991). The court has discretion to determine whether the records produced by the debtor satisfy the statutory requirements of § 727(a)(3). Farouki, 133 B.R. at 781.

In this case, the trustee requested that Mr. Byrd provide specific financial documents and information to which the trustee was entitled. The debtor had ample opportunity to produce the requested documents, but he failed to comply with the trustee's request, and offered no explanation for his failure to comply. Accordingly, the court finds that the debtor failed to produce any records or documents from which his financial condition might be ascertained, and he failed to justify why those items were not produced. Because the debtor did not provide sufficient financial records as required by § 727(a)(3), he is not entitled to a discharge.

Based on the foregoing, the debtor's discharge is **DENIED** pursuant to 11 U.S.C. § 727(a)(3). A separate judgment will be entered accordingly.

**END OF DOCUMENT**